

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. AP-76,146 & AP-76,147

### EX PARTE PATRICK LOGAN MONTGOMERY, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. W85-75520 AND W85-75521 IN THE 291ST DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two indecency with a child offenses and sentenced to ten years' confinement on each offense to be served consecutively. The Fifth Court of Appeals affirmed his convictions. *Montgomery v. State*, 760 S.W.2d 323 (Tex. App.– Dallas, 1988). This Court held that the Court of Appeals erred in determining that the trial court did not abuse its discretion in admitting evidence of an extraneous offense and remanded the case for a harm analysis. *Montgomery v. State*, 810 S.W2d 372, 397 (Tex.

Crim. App. 1991) (op. on reh'g). On remand, the Court of Appeals held that the evidence of the extraneous offense was harmless, overruled the remaining points of errors, and affirmed the convictions. *Montgomery v. State*, 821 S.W.2d 314 (Tex. App. – Dallas, 1999). This Court thereafter refused Applicant's Petition for Discretionary Review. *Montgomery v. State*, 827 S.W.2d 324 (Tex. Crim. App. 1992).

Applicant contends that he has newly discovered evidence which unquestionably establishes that he is actually innocent of these offenses. Specifically, he alleges that the complainants in these cases have provided him with affidavits recanting their trial testimony. He alleges that the complainants were encouraged by their mother and other authoritative persons to testify falsely about sexual abuse which never occurred.

On May 9, 2008, the trial judge held a habeas hearing concerning the merits of Applicant's claim. The trial judge examined the new evidence in the light of the evidence presented at trial. The trial judge found that the complainants' testimony at the habeas hearing was more credible than their testimony at trial. The trial judge found that no rational jury would have convicted the Applicant in the light of the new evidence and recommended that relief be granted on actual innocence grounds. *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996)*; Ex parte Thompson*, 153 S.W.3d 416 (Tex. Crim. App. 2005). The trial judge's findings and recommendation to grant relief are supported by the record.

Relief is granted. The judgments in Cause Nos. in F85-75520 and F85-75521 from the 291st Judicial District Court of Dallas County are set aside, and Applicant is remanded to the custody of the Sheriff of Dallas County to answer the charge against him.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional

Institutions Division and Pardons and Paroles Division.


Delivered: April 29, 2009
Do Not Publish